**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

MARILYN CHENCINSKI, and
DOROTHY COLLINS,

      Plaintiffs,

v.                                              Case No. 13-CV-10519

MARK MURGA, ABHIJOT TRANSPORT, INC.,
and THYSSEN KRUPP

      Defendants.
                                                /

**OPINION AND ORDER GRANTING DEFENDANTS' "MOTION FOR DISMISSAL
BASED ON LACK OF PERSONAL JURISDICTION"**

Pending before the court is a "Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction" filed by Defendants Mark Murga, Abhijot Transport, Inc, and ThyssenKrupp Industrial Services Canada, Inc." Having reviewed the briefs, the court concludes a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f)(2). For the reasons stated below, the court will dismiss this action for lack of personal jurisdiction.

**I. BACKGROUND**

Plaintiffs Marilyn Chencinski and Dorothy Collins initiated this case on January 9, 2013. Plaintiffs' one-count complaint asserts that Defendants Mark Murga, Abhijot Transportation, Inc. ("Abhijot"), and ThyssenKrupp Industrial Services Canada, Inc. (improperly named Thyssen Krupp Canada, hereinafter "TK") breached a duty owed to Plaintiffs regarding automobile negligence, including but not limited to: negligent driving in a reckless manner, negligent driving in a careless and negligent manner, negligent failure to keep a proper lookout, and negligent failure to stop a car in an assured clear

distance. (Compl. at ¶¶ 15-16.) Plaintiffs acknowledge that such acts occurred in Windsor, Ontario, Canada. (Compl. at ¶¶ 9, 11-13.)

Plaintiffs filed their complaint in Wayne County Circuit Court on January 9, 2013. On February 8, 2013, Defendants removed the case to the Eastern District of Michigan. In their removal, Defendants expressly stated they have not made an appearance before the state court and that they were neither waiving defenses nor conceding to the Plaintiffs' claims. (Joint Notice of Removal at ¶¶ 13,15.) The Notice, filed by Zlatina Georgieva (counsel for Defendants), also listed Ronald Wernette and Gregory Wix as counsel. (*Id.*) On the same day, both Wernette and Wix also filed separate individual appearances with the court. Defendants' counsel states these filings were required in order for Wernette and Wix to receive updates on the case proceedings. (Defs.' Reply to Pls.' Resp. To Mot. Dismiss Ex. 3 ¶¶ 5-7; *Id.* Ex. 4 ¶¶ 5-7). Filing individual appearances is required in order for an attorney to receive updates and notifications. (*Id.* Ex. 3C ("An attorney must e-file their individual appearance under their own login and password to receive a notification of electronic filings.")(emphasis in original).)

With respect to the personal jurisdiction analysis, Plaintiffs' complaint alleges that Murga lived in Canada, and Defendants Abhijot and TK were incorporated in Canada and did business in Michigan. (Compl. at ¶¶ 3-5.) However, the complaint itself offers no further explanation of what it means by "doing business."

In their motion to dismiss, however, Defendants assert that neither Abhijot nor TK engage in any sort of business in the State of Michigan. (Mem. Supp. Defs.' Mot. Dismiss 1-2.) This is supported through the affidavits in Exhibits 2 and 3 for Defendants' Memorandum in Support: Neither Abhijot nor TK have any employees in

2

Michigan, have any sort of physical presence in Michigan, are licensed to do business in Michigan, have directed their advertising towards Michigan, or have paid any Michigan taxes.

## II. STANDARD

If a district court lacks jurisdiction over the defendants, dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(2). "The burden of establishing jurisdiction is on the plaintiff." *Tobin v. Astra Pharm. Prod., Inc.*, 993 F.2d 528, 543 (6th Cir. 1993). The court may decide to rule on matters of personal jurisdiction on the basis of affidavits alone. *Dean v. Motel 6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). However, when the court has elected to proceed without discovery or a hearing, the evidence is considered in the light most favorable to the plaintiff: the plaintiff must only make a *prima facie* case, and the court does not consider the "controverting assertions of the party seeking dismissal." *Id.* at 1272. In addition, the plaintiff must follow the general guidelines for pleading standards–the plaintiff must allege specific facts to show the standard has been met for personal jurisdiction. *Palnik v. Westlake Entm't, Inc.*, 344 Fed. Appx. 249, 251 (6th Cir. 2009) (stating that complaints must follow federal pleading standards for personal jurisdiction issues as well).

## III. DISCUSSION

Defendants have filed one motion for dismissal based on Federal Rule of Civil Procedure 12(b)(2). Plaintiffs argue the motion should be denied on two alternate theories: that Defendants have already consented to the court's jurisdiction, and that

3

more discovery is necessary to determine if either limited or general personal jurisdiction may be found.

### A. Consent

A federal court's exercise of jurisdiction over litigants in a diversity of citizenship case must be both "(1) authorized by the law of the state in which it sits, and (2) in accordance with the Due Process Clause of the Fourteenth Amendment." *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 888 (6th Cir. 2002). However, a defendant may consent to being bound by the court's jurisdiction through a number of actions, and the giving of consent overrides any Constitutional concerns. Mich. Comp. Laws §§ 600.701,711.

Plaintiffs argue that any jurisdictional inquiry is not necessary because Defendants have consented to jurisdiction by having waived their right to contest jurisdiction at the beginning of the proceedings. Their argument is based on the premise that the filing of an appearance with the court's Electronic Filing System ("ECF") is enough to consent to personal jurisdiction, following the decision of the Sixth Circuit in *Gerber v. Riordan*. *Gerber v. Riordan*, 649 F.3d 514 (6th Cir. 2011) (holding that failing to raise the issue of lack of personal jurisdiction in the responsive pleading or in a general appearance constitutes a waiver of that right). This Circuit has further clarified its test in *King v. Taylor* as whether the defendant has given a "reasonable expectation" to defend the suit on the merits or caused the court wasted effort if jurisdiction were found lacking. *King v. Taylor*, 694 F.3d 650, 659 (6th Cir. 2012).

The facts in *Gerber* are not analogous to the facts at hand, and thus the precedent in *Gerber* does not apply. In *Gerber*, the attorney entered a general appearance for his clients, after they had already had a default judgement entered against them. The court found this general appearance enough to satisfy jurisdiction. The court highlighted that the consent to jurisdiction occurred because the attorney for the defendants had entered a general appearance. *Gerber* 649 F.3d at 520. This filing of a general appearance occurred at roughly the same time the defendants were filing other motions as well. Furthermore, the defendants never filed a responsive pleading, which is the requisite manner to raise a lack of personal jurisdiction defense by Rule 12(h)(1)(B); and as Rule 12(1)(A)(i) states, such a response must be made within 21 days of receiving the complaint. Thus, the later clarification from *King* (whether the defendant has given a reasonable expectation of contesting the suit on the merits) highlights that the filing of a general appearance was enough under Rule 12(h)(1) to waive the right to contest a lack of personal jurisdiction because the general appearance, unaccompanied by a responsive pleading or raising affirmative defenses, constitutes a waiver. *King*, 694 F.3d at 659.

As stated, the facts in the present case are quite different. Contrary to *Gerber*, Defendants here have in no way implied they would contest this suit on the merits: their own communications to Plaintiffs, sent only a few days after the initial removal and the alleged general appearance, stipulated their desire to dismiss this case for lack of jurisdiction and their intent to abide by local rules regarding conferencing with Plaintiffs' counsel. (Defs.' Reply to Pls.' Resp. To Mot. Dismiss Ex. 5). Moreover, the alleged

'general appearance' of the two additional attorneys was nothing more than the required steps they had to take to abide by the current registration system, as each attorney was required to file his own individual appearance with EFC in order to receive notifications on the filings for his case. (*Id.* at Ex. 3C). Both attorneys have stipulated in their affidavits that their sole reason for filing an individual appearance was to receive notifications, and that they were unaware of any other means of registering to receive such notifications. (*Id.* at Ex. 3 ¶¶ 5-8, Ex. 4 ¶¶ 5-8). Plaintiffs' allegations that such a filing with the electronic docket system would constitute a 'general appearance' in court is especially specious in light of the fact that these alleged 'general appearances' occurred on the same day Defendants filed a Notice of Removal, which specifically stated Defendants were not yet serving a responsive pleading nor were they waiving any defenses. (Notice of Removal ¶¶ 13, 15). Furthermore, the Notice of Removal listed all three attorneys for Defendants. In light of the record, Plaintiffs were given sufficient notice that Defendants intended to challenge this suit on jurisdictional grounds, not on the merits.

Moreover, the position Plaintiffs ask the court to take is particularly problematic and troublesome. District courts are allowed to adopt their own local rules, and these have "the force of law." *Hollingsworth v. Perry*, 558 U.S. 183, 191 (2010) (internal citations omitted). This is particularly important with regards to case and docket management, an ever-increasing problem for the courts to handle. As such, this court requires some flexibility in managing its online filing database. Plaintiffs ask the court to take a position that would, in effect, severely restrict this court's ability to find the most

efficient means to manage its own docket by asking the court to give legal weight to electronic submissions and registrations. Such an outcome would tie this court's hands, requiring all electronic registrations to include a responsive pleading and a listing of all affirmative defenses. While the legal reasoning alone is sufficient to deny such an outcome, the long-term ramifications of such a decision offer further proof of the untenability of Plaintiffs' allegations regarding Defendants' 'consent' to personal jurisdiction.

As such, Plaintiffs' argument that Defendants have consented to personal jurisdiction is without merit, and Defendants here have not consented to submitting to this court's jurisdiction.

### B. Personal Jurisdiction

While Plaintiffs cannot establish that Defendants have waived their right to contest the courts' jurisdiction over them, Plaintiffs also argue that dismissing for lack of jurisdiction would be premature at this stage of the trial. Instead, Plaintiffs argue they should receive the benefit of discovery in order to determine if there are any facts supporting a finding of personal jurisdiction. However, Plaintiffs are in error in assuming they should be allowed discovery to determine jurisdiction. Furthermore, even were Plaintiffs able to engage in discovery, it is highly improbable personal jurisdiction might be found.

In order for a court to exercise its jurisdiction over a defendant, it must have both the statutory grant of jurisdiction and must comply with the Due Process requirement of the Fourteenth Amendment. *Bagsby v. Gehres*, 195 F. Supp. 2d 957, 961 (E.D. Mich.

2002). For Michigan, the courts have determined Michigan's long-arm statute gives the "maximum scope of personal jurisdiction permitted by the due process clause of the Fourteenth Amendment." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1236 (6th Cir. 1981). Due process is satisfied if the defendant has "sufficient minimum contacts" with the forum state "such that the maintenance of the suit does not offend traditional notions of fairplay and substantial justice." *Internat'l Shoe Co. v. Washington,* 326 U.S. 310, 316 (1945) (citation omitted).

In analyzing the due process limits on personal jurisdiction, courts distinguish two different means for exercising jurisdiction. General jurisdiction is used for individuals who are domiciled or served in Michigan, or corporations that are incorporated in Michigan or "engage in continuous and systematic business in Michigan," or for either group who consents to jurisdiction. *Basby* 195 F. Supp. 2d at 962. Limited jurisdiction may only be applied to defendants who have "minimum contacts" with Michigan, and the claim arises out of those contacts. *Id.* at 962.

Plaintiffs allege that, given enough discovery, relevant facts might be discovered which could establish limited personal jurisdiction in this manner. Plaintiffs go on to also allege that there is sufficient evidence to support general jurisdiction. In this, however, Plaintiffs have ultimately failed in their pleading burden. Current pleading standards require the plaintiff to allege specific facts in the complaint (*see generally Bell Atlantic Corp. V. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)), and this standard also applies to findings of personal jurisdiction. *Palnik* 344 Fed. Appx. at 251. Even before the new heightened pleading standards, the Sixth Circuit has required a plaintiff to "set forth specific facts showing that the court has jurisdiction," not

merely relying on the pleading, when the defendant has submitted a properly supported motion for dismissal (as Defendants have here). *Theunisson v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). Finally, the Supreme Court has stated that the burdens of defending oneself in a foreign jurisdiction should be given "significant weight" in determining the appropriateness of extending personal jurisdiction over foreign nationals. *Asahi Metal Indus. Co. v. Superior Court of Cal.*, 480 U.S. 102, 114 (1987).

In spite of the clear guidelines that have been established requiring a showing of specific facts to determine personal jurisdiction, Plaintiffs here have done no such thing. The initial complaint makes no claim that Defendant Murga has any sort of connection to the State of Michigan. Furthermore, the complaint merely states that Defendants Abhijot and TK were "doing business" in the State of Michigan, yet provides no factual basis–instead, relying solely on legal conclusions. (Compl. at ¶¶ 3-5.) This deficiency in the complaint was highlighted by Defendants in their motion to dismiss, where Defendants responded to the vague conclusions made in the complaint with specific factual allegations.

In response, Plaintiffs did not provide a single factual allegation regarding Defendants Murga or Abhijot, instead claiming that because Defendants have a business relationship with TK, discovery might demonstrate their business connections "within the United States and this jurisdiction," an allegation devoid of facts and unable to demonstrate personal jurisdiction. (Pls.' Resp. To Mot. Dismiss 9.) Even if this allegation had any legal merit, the alleged contacts between TK and the State of Michigan are as equally unsupported. Plaintiffs merely state that Defendant TK

9

engages in some sort of transportation in the United States, that Defendants' proximity to Michigan means the court should *infer* Defendant transports within Michigan, and then jump to conclude that driving through Michigan means TK has the "continuous and systematic" business contacts required by MCL § 600.711 to establish general jurisdiction. (*Id.* at 9.) Plaintiffs have failed to meet their pleading standard by alleging any specific facts that would demonstrate this court has jurisdiction over Defendants.

Plaintiffs contend that a limited discovery should be allowed in order for Plaintiffs to determine if there are any facts that might allow this court to extend jurisdiction to the foreign Defendants. As previously stated, such an outcome is unsupported in the standards set forth for personal jurisdiction inquiries in this Circuit. Even were Plaintiffs allowed the opportunity for limited discovery, the record indicates the near-impossibility of a finding for personal jurisdiction in this case.

In order to find limited personal jurisdiction, Plaintiffs need to demonstrate three key factors: (1) Defendant must "purposely avail himself of the privilege of doing business in the forum state. . ., (2) the cause of action must arise from the Defendant's activities there, . . .[and] (3) the acts of the Defendant. . .must have a substantial enough connection with the forum state." *Southern Mach. Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968). All three factors must be present to allow for a finding of limited personal jurisdiction. Regardless of what facts *might* be turned up to fulfill the first and third criteria, Plaintiffs are unable to satisfy the second factor. Because the accident in question in this suit occurred in Canada, the cause of action did not arise in Michigan, and Michigan courts may not extend their jurisdiction over such defendants. *Zandee v. Colisto*, 505 F. Supp. 180, 182 (W.D. Mich. 1981) (holding that

where an automobile accident occurred in North Dakota and the Defendant was Canadian, Michigan courts lacked jurisdiction); *Clavenna v. Hosley*, 265 N.W.2d 378, 380 (Mich. Ct. App. 1978) (finding that a boating accident that occurred in Canadian waters did not give rise to a cause of action in Michigan for Michigan plaintiffs).

Extending general jurisdiction over the Defendants is equally unlikely. Defendant Murga, as an individual, falls outside the boundaries of Michigan's long-arm statute for general jurisdiction as he was not present in the state, served in the state, nor is he domiciled in this state. Mich. Comp. Law § 600.701; (Mem. Supp. Defs.' Mot. Dismiss 9.) For a corporation, the long-arm statute requires one of three criteria: incorporation in the State of Michigan, consent , or the "carrying on of a continuous and systematic part of general business within the state." Mich. Comp. Law § 600.711. The Supreme Court has emphasized the increased level of business contacts with a forum state that must be met to satisfy general jurisdiction (as opposed to limited jurisdiction) in that a finding that a flow of a manufacturer's products to the forum state might be enough to allow for limited jurisdiction, but is not nearly enough for general jurisdiction; a corporation's "continuous activity" in a forum state is not enough to warrant the corporation being amenable to suits that are unrelated to that activity. *Goodyear Dunlop Tires Operations v. Brown*, 131 S.Ct. 2846, 2855-56 (2011).

Defendants allege specific facts regarding their lack of business connections with the State of Michigan: neither corporation is incorporated in Michigan, has employees in Michigan, have any sort of physical property in Michigan, conducts any business or advertises in Michigan, generates revenue from Michigan customers, or pays Michigan

taxes.  **(**Mem. Supp. Defs.' Mot. Dismiss 10-11.)  Given the lack of business contacts Defendants TK and Abhijot have with Michigan, and that Plaintiffs have so far alleged no facts that would support a finding of general jurisdiction, there is no reason to believe discovery might turn up enough facts to warrant such a finding.

When Plaintiffs have failed in their pleading to allege any specific facts that might lead to a finding of personal jurisdiction over the Defendants, and where the record indicates that no such facts would be discovered, the court must conclude that extending jurisdiction over Defendants would be improper and unconstitutional.

### IV. CONCLUSION

IT IS ORDERED that Defendant's ""Motion to Dismiss Plaintiffs' Complaint for Lack of Personal Jurisdiction [Fed. R. Civ. P. 12(b)(2)]" (Dkt. # 9)" is GRANTED, and this action is DISMISSED.

    s/Robert H. Cleland  
    ROBERT H. CLELAND  
    UNITED STATES DISTRICT JUDGE

Dated:  July 23, 2013

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 23, 2013, by electronic and/or ordinary mail.

    s/Richard Loury for Lisa Wagner  
    Case Manager and Deputy Clerk  
    (313) 234-5522